IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CSX TRANSPORTATION, INC., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-1770 |
| ALBAN WASTE, LLC, *et al.*, | * | |
| Defendants | * | |

* * * * * * * * * * * *

|  |  |  |
|---|---|---|
| HARFORD MUT. INS. CO., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-14-137 |
| CSX TRANSPORTATION, INC., *et al.*, | * | |
| Defendants | * | |

* * * * * * * * * * * *

## MEMORANDUM

Pending before the Court are motions to consolidate these two cases and to stay Civil Action Number JKB-13-1770. (13-1770, ECF Nos. 37, 42, 62; 14-137, ECF Nos. 6, 9, 10.) In 13-1770, ECF No. 37 is moot because it sought a stay pending disposition of Civil Action Number JKB-14-406 and the latter case has been dismissed. The other motions have been briefed (ECF Nos. 50, 56, 71, 73), and no hearing is required, Local Rule 105.6 (D. Md. 2011). They will be denied.

*I. Background*

In 13-1770, CSX Transportation, Inc. ("CSXT"), sued Alban Waste, LLC, and John Jacob Alban, Jr. (the "Albans") for damages flowing from a collision on May 28, 2013, in Baltimore County, Maryland, between a train owned by CSXT and a truck owned by Alban Waste and operated by John Alban. (13-1770, Compl. ¶¶ 2, 3, 4, ECF No. 1.) The collision resulted in the derailment of multiple train cars, which ignited the cargo and caused an explosion. (*Id.* ¶ 5.) CSXT alleges the cause of the collision was negligence by the Albans. This suit was filed June 18, 2013. After the Albans answered, a scheduling order was entered and the extended discovery deadline in that case is now April 29, 2014. (*Id.* ECF Nos. 13, 63.)

In 14-137, a statutory interpleader action that was filed on January 16, 2014, Harford Mutual Insurance Company ("Harford") alleges it has received claims or knows of potential claims against its insureds, the Albans, totaling approximately $10 million in damages. (14-137, Compl. ¶ 44, ECF No. 1.) The commercial automobile insurance policy issued by Harford to the Albans has a $1 million limit for liability claims. (*Id.* ¶ 45.) After depositing funds in this amount with the Court (14-137, Dkt. Ent. Mar. 11, 2014), Harford seeks to be discharged from the case and to have the defendants in 14-137 litigate among themselves their respective claims to the policy's proceeds and for the Court to direct the proper distribution thereof. (14-137, Compl. Prayer ¶¶ 1, 3.) Harford also asks the Court to enter an order restraining the defendants named in the interpleader complaint from instituting or further prosecuting any other proceeding affecting the rights and obligations between and among them until further order of the Court. (*Id.* ¶ 2.) The defendants are CSXT and 42 individuals and businesses, or their subrogee insurance companies. Named as "Defendants/Interested Parties" are Alban Waste, LLC, and

John Jacob Alban, Jr. As of April 1, 2014, seven defendants have filed answers, and an additional three have been served.[1]

## II. Applicable Standards

### A. Standard for Consolidation

Federal Rule of Civil Procedure 42(a) permits, but does not mandate, consolidation of cases that involve a common question of law or fact. The Supreme Court has stated, "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th Cir. 2001). If a common question of law or fact exists, then the district court must weigh the competing considerations to determine if consolidation is desirable.

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. See Fed. R. Civ. P. 42(a); see generally 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil s 2383 (1971).

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). If the common issue is not central to the resolution of the cases or if consolidation will lead to delay in the processing of one of the individual cases, then consolidation may be denied. 9A C. Wright & A. Miller, *Federal*

---

[1] Service was also made on the subrogee insurer of named defendant Timothy Koerber, but the subrogee insurer was not named separately in the complaint. Timothy Koerber has filed his own suit alleging negligence by the Albans. Cir. Ct. Baltimore County, No. 03-C-13-011031 MT, filed September 27, 2013, http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=03C13011031&loc=55&detailLoc=CC. A scheduling order was entered in that case on December 23, 2013, and the parties have spent several months in discovery, which does not appear from the case docket to be concluded. *Id.* CSXT and Steven B. Tucker have been impleaded in that case as third-party defendants by the Albans. *Id.*

*Practice & Procedure*: Civil § 2383, at 40-43 (3d ed. 2008). The decision lies within the discretion of the district court.

### B. Standard for Stay

Whether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Economy of time and effort for the court, counsel, and litigants is taken into consideration in this decision, "which must weigh competing interests and maintain an even balance." *Id.* at 254-55. A party seeking a stay must demonstrate a pressing need for one, *id.* at 255, and that the need for a stay outweighs any possible harm to the nonmovant. *Mike's Train House v. Broadway Ltd.*, Civ. No. JKB-09-2657, 2011 WL 836673, at *1 (D. Md. Mar. 3, 2011). *See also In re Sacramento Mun. Utility Dist.*, 395 F. App'x 684, 687-88 (Fed. Cir 2010) (unpublished). Three factors should be considered in weighing a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC*, Civ. No. JKB-12-3738, 2013 WL 682906 (D. Md. Feb. 22, 2013) (citations and internal quotation marks omitted).

### III. Analysis

The Albans and Harford have failed to present a compelling, or even desirable, case for consolidation of 13-1770 with 14-137. It is at least arguable that the two cases present a common issue, namely, whether the Albans are liable to CSXT. However, the interpleader suit involves 42 other claimants, who are not similarly situated to CSXT. The railroad company suffered direct property damage, as presumably did the other claimants, but the nature of CSXT's claimed damages are considerably more comprehensive—including environmental

4

clean-up, train delays, labor, and damage or destruction to freight (13-1770 Compl. ¶ 22)—than that suffered by nearby property or business owners. Moreover, the two cases are at very different points in their progress. CSXT's suit is close to the end of discovery and will soon be ready for the filing of dispositive motions whereas the interpleader suit has not yet been served on most of the claimants. Once all have been served in 14-137, only then would a scheduling order be entered and discovery be undertaken. Discovery in the interpleader case will necessarily address the propriety of the claims made by the 42 claimants, and that process has nothing at all to do with CSXT's case against the Albans. It would be unjust to CSXT to consolidate its suit with the interpleader suit since they are on completely different schedules. The Court concludes that consolidation is undesirable. Moreover, the request to consolidate 13-1770 and 14-137 and then stay 13-1770 makes no sense. If an important purpose of consolidation is judicial economy because two cases are proceeding as one, then staying one of the two cases is antithetical to judicial economy. In the present circumstances, greater judicial economy is achieved by proceeding to a resolution of *CSXT v. Alban Waste* and incorporating whatever determination is made there into the determination in 14-137 of whether CSXT is entitled to share in the liability policy proceeds.

As for the motion to stay, initially, the Court is puzzled as to why Harford filed such a motion in 13-1770 since it is not a party and has not moved to intervene. In short, Harford has no standing to file a motion in 13-1770, and its filing will be stricken. However, since Harford filed an identical motion in 14-137, the Court will address it. Nevertheless, Harford has argued unpersuasively that the 42 claimants other than CSXT "will be left without a voice in the outcome of the CSX Suit . . . in which [the 42 claimants] clearly hold an interest." (14-137, Pl.'s Mot. Stay Supp. Mem. 6, ECF No. 6.) Harford has failed to explain why anyone other than CSXT and the Albans is entitled to a voice in the outcome of the *CSXT v. Alban Waste* suit.

5

Harford's additional argument that staying 13-1770 will prevent a multiplicity of suits (*id.*) is equally untenable. Staying one suit cannot prevent others from filing their own suits.

Finally, the Court notes that Harford's motion to stay 13-1770 is wrongly premised upon the notion that an interpleader plaintiff is entitled to a global stay of other lawsuits. The statute relating to this issue specifies,

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court *affecting the property, instrument or obligation involved in the interpleader action* until further order of the court.

28 U.S.C. § 2361 (emphasis added). The Supreme Court addressed this very issue in *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967), and held that a district court was without authority to enjoin other proceedings that do not seek a share of the property or fund at issue in the interpleader suit. *Id.* at 535-37. Further, the Court dispensed with the idea that the logical plaintiffs in the mass tort in *Tashire* should be required to press their claims only in the interpleader suit, saying,

> The circumstance that one of the prospective defendants happens to have an insurance policy is a fortuitous event which should not of itself shape the nature of the ensuing litigation. . . . And an insurance company whose maximum interest in the case cannot exceed [the policy's limit for liability] and who in fact asserts that it has no interest at all, should not be allowed to determine that dozens of tort plaintiffs must be compelled to press their claims—even those claims which are not against the insured and which in no event could be satisfied out of the meager insurance fund—in a single forum of the insurance company's choosing. There is nothing in the statutory scheme, and very little in the judicial and academic commentary upon that scheme, which requires that the tail be allowed to wag the dog in this fashion.

*Id.* at 534-35.

Here, Harford overlooks the limiting language of § 2361 and asks to have *all suits* between and among the claimants enjoined, whether or not such other suits seek a share of the $1 million policy proceeds. The statute, as written and as interpreted by the *Tashire* case, does

6

not support such a request. Finally, the Court questions why Harford included the insureds as claimants against the *liability* portion of the insurance policy. It is implausible that the Albans would be making a claim against themselves. *See Allstate Ins. Co. v. McNeill*, 382 F.2d 84, 86 (4th Cir. 1967) (insured's estate was not an "adverse claimant" under 28 U.S.C. § 1335 in interpleader action focused on insured's automobile liability policy). The policy includes a separate limit for the insureds to make a claim for property damage and a separate limit for personal injury protection for an individual insured. (Policy, ECF No. 1-1 at p. 52.) It is possible that Harford included the Albans in the interpleader suit to further support its request for the Court to enjoin other cases not only against Harford but also against the alleged tortfeasors. But this, too, is equally improper. *Tashire*, 386 U.S. at 533 ("The fact that State Farm had properly invoked the interpleader jurisdiction under § 1335 did not, however, entitle it to an order both enjoining prosecution of suits against it outside the confines of the interpleader proceeding and also extending such protection to its insured, the alleged tortfeasor."). A stay of 13-1770 is unwarranted.

## IV. Conclusion

The motions to consolidate and/or to stay are inconsistent with judicial economy and the rights of the parties. A separate order will issue.

DATED this 2nd day of April, 2014.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

7